WILLIAM H. HASKELL *vs.* WILLIAM H. BOARDMAN & another.

The holder of a promissory note, who receives notices of its non-payment and protest for the indorsers, is bound to forward them by the earliest practicable post after the day on which he receives them.

Indorsers of a promissory note do not waive notice of its non-payment by taking from the maker a mortgage of all his property, with a general condition to save them harmless from all contracts entered into by them for him, and by selling the property under a power of sale contained in the mortgage, for breach of condition.

CONTRACT against the indorsers of a promissory note for $550, dated October 19, 1861, and signed by S. M. Boardman.

At the trial in the superior court, before *Brigham*, J., it appeared that the plaintiff, who was the holder of the note, lived in West Amesbury, and that he there received from a bank with which it had been deposited for collection notices for the indorsers of its non-payment and protest, in due form, on Friday, the 24th of January 1862 ; that on the following morning, at a few minutes after ten o'clock, he deposited them in the post-office at West Amesbury, addressed to the defendants, and prepaid; and that the only mail that day from West Amesbury

had been sent at ten o'clock, so that the notices did not go till the following Monday.

It further appeared that on the 19th of May 1861 the maker of the note executed to the defendants one mortgage of real and another of personal estate, the condition of both being the same, the material portion of which was that the grantor should "fulfil and perform all contracts which the said grantees have heretofore signed, indorsed or executed for the said grantor, and which said grantees shall hereafter sign, indorse or execute for said grantor as indorsers, guarantors, sureties or otherwise, and save the said grantees harmless from all costs and expense in consequence thereof." The mortgage of real estate also contained a power of sale, under which the premises were sold by the defendants on the 9th of July 1862. The plaintiff also introduced evidence tending to show that these mortgages covered all the property of said Boardman, and that the property was sufficient to indemnify the defendants for all their engagements in his behalf; that, at the time when these mortgages were made, a firm of which the plaintiff was a member held Boardman's note, to fall due in June 1861, secured by a mortgage of the same personal property; that it was then agreed between the plaintiff and the defendants that at the time when his firm's note should become due they would take it up or it should be renewed with their indorsement, and the mortgage to the plaintiff's firm should thereupon be discharged; that accordingly in June 1861 said note was renewed by taking a new note of Boardman with the defendants' indorsement, and the mortgage was accordingly discharged; and that the note in suit was taken in renewal of the note so taken in June, and afterwards became the property of the plaintiff. But the judge ruled that these facts, if proved, would not show a waiver by the defendants of notice of the non-payment of the note, and that the plaintiff was bound to deposit the notices in the post-office before the departure of the mail on the 25th of January 1862; and he directed a verdict to be returned for the defendants, which was accordingly done. The plaintiff alleged exceptions.

*S. B. Ives, Jr.,* for the plaintiff. There is no rule of law which

made it necessary for the plaintiff to mail the notices before ten o'clock in the forenoon, but it is a question of reasonable diligence. See *Whitwell* v. *Johnson,* 17 Mass. 449; *Eagle Bank* v. *Chapin,* 3 Pick. 180; *Bank of Utica* v. *Smith,* 18 Johns. 230. A conveyance of all the property of the maker of a note to the indorsers as security is evidence of a waiver of demand and notice. *Bond* v. *Farnham,* 5 Mass. 170. *Tower* v. *Durell,* 9 Mass. 332. *Andrews* v. *Boyd,* 3 Met. 434. *Mead* v. *Small,* 2 Greenl. 207. *Prentiss* v. *Danielson,* 5 Conn. 180. *Mechanics'* *Bank* v. *Griswold,* 7 Wend. 165. *Spencer* v. *Harvey,* 17 Wend. 489. *Commercial Bank* v. *Hughes,* Ib. 94. 3 Kent Com. (6th ed.) 113. Some of these cases decide that the taking of sufficient security is equally significant of a waiver. In this case, the plaintiff himself actually furnished part of the security, by relinquishing the prior mortgage on the property.

*D. Saunders, Jr.,* for the defendants, cited, upon the question of diligence in giving notice, *Whitwell* v. *Johnson,* 17 Mass. 449; *Talbot* v. *Clark,* 8 Pick. 51; *Carter* .v. *Burley,* 9 N. H. 558; *Manchester Bank* v. *Fellows,* 8 Fost. (N. H.) 302; *Northern Bank* v. *Williams,* 21 Maine, 217; *Beckwith* v. *Smith,* 22 Maine, 125; and, on the question of waiver, *Creamer* v. *Perry,* 17 Pick. 332; *Pierce* v. *Cate,* 12 Cush. 190; *Taylor* v. *French,* 4 E. D. Smith, (N. Y.) 458; *Moses* v. *Ela,* 43 N. H. 557; *Woodman* v. *Eastman,* 10 N. H. 359.

BIGELOW, C. J. Due diligence was not used to give notice to the defendants of the dishonor of the note. The holder was not bound to send the notices on the day he received them from the bank, nor was it practicable to do so; but they should have been put into the post-office so that they might have been forwarded by the mail which was sent on the next day. The rule is, that such notices should go by the next practicable post after the day on which the holder receives notice of the dishonor of the note. No reason is shown for the neglect to send the notices to the defendants by the mail which left West Amesbury at ten o'clock on the morning of the 25th of January. It was the duty of the plaintiff to use due diligence in ascertaining the hour at which the mail closed on that

day, and to put his notices into the office seasonably to go forward by that mail. His failure to do so is such laches as to render the notices insufficient to charge the indorsers. Chit. Bills, (10th Amer. ed.) 485, and cases cited.

There was no evidence offered at the trial on which a waiver of notice by the indorsers could be legally found. The mortgages relied on to show such waiver were not made to enable the indorsers to pay the notes, nor were they authorized to appropriate the property thereby conveyed to such purpose. The effect of these conveyances was only to secure the defendants against the legal liabilities assumed by them in behalf or on account of the promisor. Their liability as indorsers was conditional only, dependent on the contingency of their having due and seasonable notice of the dishonor of the notes. Their claim on the property for indemnity was dependent on the like contingency. On this point the case is within *Creamer* v. *Perry*. 17 Pick. 332. There was no other fact in proof to warrant a jury in finding a waiver. *Exceptions overruled*